The opinion of the Court was delivered by
Withers, J.,
The precise question before the recorder, and now presented, was whether Hillier must be regarded as a joint maker of the note in question, and in no other character. In all our cases that bear upon this question the Court has manifested *245 a determination to look to the intention of the party sought to be charged as to the kind of contract he meant to make, and if the proof showed one that is valid and also the form which the promise was meant'to assume, the object of the Court has ever been to enforce it in pursuance of its general duty to enforce lawful contracts sufficiently proved. So strong is this purpose that in the case of a note drawn by G. payable to H., or bearer, L. B. after it became due, wrote on the back “ I endorse the within note,” L. B. was held to the liability of an endorser. Pride vs. Berkley, 5 Rich. 539.
General principles and the interpretation of them, in our cases, show that Hillier was not an endorser in the commercial sense.
We are equally satisfied that he was not necessarily a joint maker by reason of the evidence disclosed by the paper itself. This must be conceded when it is observed, that the note does not show whether Hillier put his name on it before or after it was payable, or before or after it was delivered to the payee. If this was done after it fell due, or after it was delivered, Hillier could not be regarded as a maker, if nothing more appeared. And so it was held in our case of Garrett vs. Butler, 2 Strob. 194; extrinsic evidence must therefore be received to show the circumstances which give character to the contract. In this case they were these: Healy & Thompson proposed the note signed by themselves, for goods, and one Conner received it at first, but it was not satisfactory, was returned to them for the purpose (as the report says) of procuring some additional security, and was afterwards redelivered with Hillier’s name on the back.
Now we do not perceive how this evidence forces the conclusion that Hillier was a joint maker. Additional security was in view. That arises as well from regarding Hillier to have authorised an ordinary promissory note, or a guaranty, or a bill of exchange, to be written above his name, as it would arise in any other form of security.
*246 Story on Promissory Notes, Sec. -58, recognises a distinction upon the question of joint maker, arising upon the enquiry whether the party to be charged affixed his name to the paper (in one place or another,) at the time the note was made or at a subsequent time.
In our case of Stoney vs. Beaubien, the latter party joined in the concoction of the note, meant to be an original party and was held so, because of the anxiety of the Court to enforce a liability clearly intended, and it was not then seen in what other form it could be done.
This Court is of opinion, that the plea in abatement was not sustained either by the face of the note or by the evidence and that the verdict is well maintained.
The motion is therefore dismissed.
0’Nball,Wardlaw and Whitner, JJ., concurred.

Motion dismissed.